## Mathis v. The State

Jenkins, Chief Justice. 1. Since the defendant's motion for new trial fails to show what reasons, if any, were given at the trial as ground of his objection to testimony of a deaf mute through her son, as her sworn interpreter, the reasons which are set out in the amended motion for new trial, attacking the competency of such witness for reasons which the movant avers prompted him to make the objection, but which the motion for new trial fails to state were presented to the court at the time the motion to exclude the testimony was made, do not properly present any question for determination by this court. The reasons which the movant avers may have induced him to object, and the reasons if any which were then and there presented to the court as the grounds of his objection, cannot be taken as identical. Especially will the motion be construed as failing to state that the reasons for the excluding of the testimony were given to the court at the time the evidence was offered, when it is considered that it appears from the brief of evidence that the testimony upon which his reasons are based was not in point of fact given in connection with the objection now relied on, but had been elicited in previous testimony for the purpose of discrediting the credibility of another and different witness; and while the motion states that the motion to exclude was made "in view" of the facts which the brief of evidence shows had been thus elicited, there is nothing whatever in the motion to indicate that when the motion to exclude was made the attention of the court was actually directed to such facts previously elicited as the ground of his objection.

2. The above ruling disposes of the only assignment of error which is argued by brief of counsel for the plaintiff in error, and on which any sort of insistence is made; and since the evidence amply authorized the verdict finding the defendant guilty as charged in the indictment, the judgment is

*Affirmed. All the Justices concur, except Bell, J., absent on account of illness, and Wyatt, J., who took no part in the consideration or decision of this case.*

No. 16099. February 12, 1948.

*Cody U. Watson,* for plaintiff in error.

*Eugene Cook, Attorney-General, J. Cecil Davis, Solicitor-General,* and *Wright Lipford, Assistant Attorney-General,* contra.